UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

EMANUEL DELACRUZ, on behalf of himself
and all others similarly situated,

                        Plaintiffs,

v.

OPENING CEREMONY, LLC,

                        Defendant.
---------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/18
```

Index No.: 1:18-cv-07411 (PAE)

## CONSENT DECREE

1.    This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff EMANUEL DELACRUZ ("Plaintiff"), and Defendant OPENING CEREMONY, LLC ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2.    Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.    On or about August 15, 2018, Plaintiff filed this lawsuit in the U.S. District Court for the Southern District of New York entitled *Emanuel Delacruz v. Opening Ceremony, LLC*

1

(Docket No. 1:18-cv-07411 (PAE)) (the "Action"). Plaintiff alleged, *inter alia,* that Defendant's website, www.openingceremony.com (the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, NYSHRL, NYSCRL, NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website, which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a service, privilege, or advantage of the Defendant's physical locations, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

7. This Court has jurisdiction over this Action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

2

## AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interests to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law that were raised or could have been raised in the Action. In resolution of the Action, the Parties hereby AGREE to the following:

## DEFINITIONS

9. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 15 through 19 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website or business could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Website - as though they are collectively a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website-related operations.

## TERM

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) twenty-four (24) months from the Effective Date; or (2) the

3

date, if any, that the regulations are adopted in the Department of Justice's anticipated proposed regulations for websites under Title III of the ADA.

### GENERAL NONDISCRIMINATION REQUIREMENTS

12. Pursuant to the terms of this Consent Decree, Defendant:

   a. Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. §36.202(a);

   b. Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein.

   42 U.S.C. §12182(b)(2)(A)(ii); 28 C.F.R. §36.202(b); and

   c. Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein.

   42 U.S.C. §12182(b)(2)(A)(iii); 28 C.F.R. §36.303.

### COMPLIANCE WITH TITLE III OF THE ADA

13. Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements, provided that the following dates will be extended in the instance that

4

the Department of Justice releases regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

    a.    Within twenty-four (24) months of the Effective Date, the Defendant shall ensure that the Website substantially conforms to the Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA") in such a manner so that the Website will be accessible to persons with disabilities as set forth in Paragraph 27 below. Should the United States Congress, the United States Department of Justice, or the United States Supreme Court issue one or more rulings or final regulations (as applicable) adopting a legal standard for website accessibility that is different from the WCAG 2.0 AA, Defendant shall have the option of substantially complying with such legal standard in its sole and absolute discretion.

    b.    Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned or controlled by Defendant, but are otherwise located on the Website or linked to from any of the Website, are accessible or otherwise conform to WCAG 2.0 AA.

    c.    Between the Effective Date and twenty-four (24) months from the Effective Date, Defendant shall test the Website on a periodic basis with assistive technology such as screen readers and screen magnifiers, and with users with disabilities who use these technologies.

    d.    If Defendant determines at any time during the twenty-four (24) month period beginning on the Effective Date that it no longer needs or desires to continue operating the Website, and to shut down or otherwise discontinue the use of the Website, it may do so without violating this Consent Decree.

## SPECIFIC RELIEF TO PLAINTIFF

14.    Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Website or otherwise raised or that could have been raised in the Action through a separate, confidential agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree. The Settlement Agreement shall be provided to the Court in camera for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

15.    The procedures set forth in Paragraphs 16 through 18 must be exhausted in the event that: (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant alleges that there is a criteria of WCAG 2.0 AA with which it cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

16.    If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing at least the following information: (i) the alleged

act(s) of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action(s) sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument(s) supporting the position of the initiating party.  Plaintiff shall notify Defendant in writing after the dates for compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree.  Defendant shall notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which it cannot substantially comply hereunder.  All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 21.

17.   Within thirty (30) days of either Party receiving notice as described in Paragraph 16, the other Party shall respond in writing to the notice.  Within fifteen (15) days of receipt of the response, representatives of the Parties with knowledge of, responsibility for, and decision-making authority regarding the issue(s) of compliance/non-compliance raised in such notice shall meet by telephone, video conference, or in person, in an attempt to informally resolve the issue(s) raised.

18.   If a Party believes that one or more of the issues raised in its notice remains unresolved following thirty (30) days of the meeting referenced in Paragraph 17, it shall so notify the other Party.  The Parties shall then each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether a person, who has a disability and uses screen reader software and has average screen reader competency ("person with a Visual Impairment who has average screen reader competency"), can adequately utilize the Website.

7

19. There will be no breach of this Consent Decree unless: (a) the independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

20. Any of the time periods set forth in Paragraphs 16 through 19 may be extended by mutual agreement of the Parties.

21. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

> For Plaintiff:
>
> Joseph H. Mizrahi, Esquire
> Cohen & Mizrahi LLP
> 300 Cadman Plaza West, 12th Floor
> Brooklyn, NY 11201
> Email: Joseph@cml.legal
> Phone: 929-575-4175
> Fax: 929-575-4195

8

For Defendant:         Charles S. Marion, Esquire
                       Blank Rome LLP
                       One Logan Square
                       130 N. 18th Street
                       Philadelphia, PA 19103-6998
                       Email: cmarion@blankrome.com
                       Phone: 215-569-5384
                       Fax: 215-689-4846

## MODIFICATION

22.     No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

23.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

24.     This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described herein and (other than the Settlement Agreement) no other statement, promise, or agreement, either written or oral, made by any party or agent of any party concerning the subject matter described herein that is not contained in this Consent Decree shall be enforceable.

25.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

### PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

26. The Parties expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with a disability as defined by the ADA, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

27. The signatories below represent that they have the authority to bind their respective Parties, Plaintiff and Defendant, to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

28. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Dated: 12/10/2018

*/s/ Emanuel Delacruz*
**EMANUEL DELACRUZ**

Dated: 12/12/18

**OPENING CEREMONY, LLC**

By: _____ Bettina C. Cho, Esq.

Its: Vice President

10

**APPROVED AS TO FORM AND CONTENT:**

Dated: 12-11-2018  **COHEN & MIZRAHI LLP**

By: _____
Joseph H. Mizrahi, Esquire
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
*Attorneys for Plaintiff Emanuel Delacruz*

Dated: 12/12/2018  **BLANK ROME LLP**

By: _____
Charles S. Marion, Esquire
Martin S. Krezalek, Esquire
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
*Attorneys for Defendant Opening Ceremony, LLC*

11

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

### FINDS AS FOLLOWS:

1. This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2. The provisions of this Consent Decree shall be binding upon the Parties;

3. Entry of this Consent Decree is in the public interest;

4. This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the complaint filed by Defendant, or any other pleading or wrongdoing alleged in this Action, nor does it constitute any finding of liability against Defendant;

5. Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

6. This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by or on behalf of Plaintiff based on, arising out of, or in connection with, the Action.

NOW THEREFORE, the Court approves this Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND OREDERED in Chambers at __9:30 AM__ this __18th__ day of __December__, 2018.

_____
Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF